UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TYREE FORD,

Petitioner,

v. Case No. 2:26-cv-2415-KCD-KRH

SHERIFF OF LEE COUNTY, FLORIDA and U.S. ATTORNEY GENERAL,

Respondent.
_______________________________/

**ORDER**

Petitioner Tyree Ford initiated this action by filing a hand-written *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Ford is a pretrial detainee currently held at the Lee County Jail. He faces 24 state felony charges in the Twentieth Judicial Circuit Court in case numbers 22-CF-000421 and 22-CF-014474. (*Id.*)[1]

The Court now screens Ford's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Rule 4 requires a district court to dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" The Court has discretion to apply Rule 4 to

[1] *See* Lee County Clerk of Court website: https://matrix.leeclerk.org/ (search: Ford, Tyree) ("State Docket").

petitions filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases. Because Ford has not yet exhausted his claims in state court and he seeks federal interference with an ongoing state criminal prosecution, the Court is barred from considering the merits of his petition, and it must be dismissed.

Under 28 U.S.C. § 2241, a state pretrial detainee may file a petition for writ of habeas corpus in a federal district court if his detention "violate[s] the Constitution or the laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003); 28 U.S.C. § 2241(c)(3).

Ford asserts that the charges in case number 22-CF-014474 have been dismissed and that those in 22-CF-000421 "lack several elements" that are required under the Due Process Clause. (Doc. 1 at 1.) He argues that the state's criminal charges have no merit, rendering his incarceration at the Lee County Jail illegal. (*Id.*) He also argues that he was illegally arrested (kidnaped) and that he does not need to exhaust his state remedies "to qualify for civil action … because the criminal matter has been dismissed." (*Id.* at 4.)[2] Ford seeks release from custody. (*Id.* at 1.)

[2] Ford, who appears to be associated with the "sovereign citizen" movement, has filed multiple civil suits in this Court regarding the circumstances of his arrest. In Middle District of Florida case number 2:22-cv-384-JES-KCD, the Court summarized the circumstances leading to Ford's arrest and multiple felony charges. (*Id.* at docket entry 15, pp. 2-3.)

### A. Ford has not exhausted his state remedies.

A district court may not grant a § 2241 petition "unless the petitioner has exhausted all available state remedies." *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985); *see also Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (applying the exhaustion requirement to a state pretrial detainee's § 2241 petition). To "ensure that state courts have the first opportunity to hear all claims, federal courts [require] 'a state prisoner to present the state courts with the same claim he urges upon the federal courts.'" *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971))*; see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489–92 (1973) (addressing an issue raised in § 2241 petition only after concluding that the petitioner, a pretrial detainee, exhausted all available state court remedies for consideration of his constitutional claim). In addition, the petitioner must take the claim "to the state's highest court, either on direct appeal or on collateral review." *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

First, the Court notes that—despite Ford's assertions otherwise—the charges in case number 22-CF-14474 have not been dismissed. The case was most recently continued on September 8, 2026, pending Ford's competency hearing. (*See* Case No. 14474 at docket entry 583.) Ford has filed numerous *pro se* state habeas petitions in both pending state criminal cases, but the state

courts have not considered the merits of the petitions because he is represented by counsel. (*See*, *e.g.,* Case No. 22-CF-421 at docket entries 181, 185, 187, 198, 371, 478–79, 486–88, 502, 513, 519, 524, 529–32, 538–39, 544, 546, 572, 584 and Case No. 22-CF- 14474 at docket entries 115, 127, 182–83, 187, 198, 283, 359, 468–69, 475, 486, 501, 511, 516–19,525–26, 531, 533, 558.)

And while Ford has been labeled an abusive filer by the Sixth District Court of Appeal and warned that he should not file further *pro se* pleadings in state court (*see* Case No. 22-CF-421 at 523 and Case No. 22-CF-14474 at docket entries 263, 264, 265, 266, 267, 268, 510), he is not precluded from re-asserting his constitutional challenges *through counsel* in properly-filed state habeas petitions. Because Ford's § 2241 claims are unexhausted, they must be dismissed under Rule 4 of the Rules Governing Habeas Corpus Cases.

### B. The Court is barred from considering Ford's petition under *Younger v. Harris.*

As an independent reason for dismissal, the Court considers whether the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971) precludes relief. *Younger* abstention applies when: "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022). The abstention doctrine "usually applies in cases involving criminal prosecution or the

criminal justice system." *Wexler v. Lepore*, 385 F.3d 1336, 1339 (11th Cir. 2004).

Because of the ongoing state criminal prosecutions against Ford, his petition is subject to dismissal under *Younger* unless one of three "narrow exceptions" to the abstention doctrine applies. The doctrine does not apply when: (1) the state proceedings were motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum for Ford to raise the constitutional issue. *Younger*, 401 U.S. at 46-49; *Johnson*, 32 F.4th at 1099.

A prosecution is undertaken in bad faith when "brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n. 6 (1975). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that call for equitable relief. *Younger*, 401 U.S. at 53–54. The first two exceptions do not apply. The statutes charging Ford with obstructing justice, unlawfully filing false documents, fraud, carrying a concealed firearm, driving a commercial vehicle with a suspended license, and driving with an expired license for more than six months are neither unconstitutional nor unusual. And it appears that the state has a

reasonable expectation of obtaining a conviction on the charges. Therefore, *Younger* bars this petition unless the state does not offer a sufficient forum for Ford's constitutional claims.

Ford first asserts that he must be released because at least some of the charges against him have been dropped. However, upon review of the dockets in his underlying criminal cases, that does not appear to be true. He also asserts that his warrantless arrest was illegal. In short, he appears to ask this Court to intervene in his state-court prosecution to correct errors in the charging and investigation of his state criminal case. But not only are the state courts adequate to consider Ford's claims, they provide the best forum to do so. The quality of the State's evidence and whether Ford was lawfully arrest are issues that he should raise at trial and in a subsequent direct appeal (if necessary), not on federal habeas review. *See Braden*, 410 U.S. at 493 (recognizing that the "derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed); *Garey v. Fed. Det. Ctr.*, 180 F. App'x 118, 120, 121 (11th Cir. 2006) ("[W]here a defendant is awaiting trial, the appropriate vehicle for violations of the defendant's constitutional rights are pre-trial evidentiary motions, not habeas petitions"). To the extent Ford argues that he has not been provided with adequate defense counsel, he may raise an ineffective assistance claim in a federal habeas petition if he is convicted.

Ford has not demonstrated the applicability of any exception to the *Younger* abstention doctrine. Therefore, in addition to being dismissed as unexhausted, the Court abstains from considering the merits of Ford's 28 U.S.C. § 2241 petition.

Accordingly, it is now **ORDERED**:

1. This case is **DISMISSED without prejudice** under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. Alternatively, Ford's claims are barred by the *Younger* abstention doctrine.

2. Ford is **DENIED** a certificate of appealability.[3]

3. The **Clerk of Court** is directed to terminate any pending motions as moot, close this file, and enter judgment accordingly.

**ENTERED** in Fort Myers, Florida on September 8, 2024.

Kyle C. Dudek
United States District Judge

[3] **Certificate of Appealability**. When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that jurists of reason would find it debatable whether: (1) "the district court was correct in its procedural ruling"; and (2) the petition "states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Ford has not made this showing and is denied a certificate of appealability.